HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERSEMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,<br><br>    Plaintiffs,<br><br>    v.<br><br>GHL ARCHITECTURAL MILLWORK, LLC, a Washington limited liability company; and TAVIS GAUDET, an individual,<br><br>    Defendants. | CASE NO. 19-cv-01030-RAJ<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiffs' motion for default judgment against Defendants GHL Architectural Millwork, LLC and Tavis Gaudet. Dkt. # 10. On May 11, 2019, GHL and Mr. Gaudet were both served with a summons and copy of the complaint. Dkt. ## 5, 6. Defendants did not appear or otherwise respond. On October 7, 2019, the Court entered an order of default against both Defendants. Dkt. # 9. Plaintiffs now move for default judgment. For the following reasons, the Court **DENIES** the motion without prejudice.

ORDER – 1

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are a collection of trust funds established to offer fringe benefits to eligible participants. Dkt. # 1. Defendant GHL Architectural Millwork, LLC ("GHL"), is a Washington limited liability company that is owned by Defendant Travis Gaudet. Dkt. # 1 at ¶¶ 1.6-1.7. In 2018 and early 2019, GHL executed five project agreements with the Pacific Northwest Regional Council of Carpenters that bound GHL to a master labor agreement (collectively, the "Agreements"). *See* Dkt. # 11 at ¶ 6, Exs. 1-6. Under the Agreements, GHL agreed to be bound by the terms of the four trust agreements that comprise the Carpenters Trusts. *Id.* In doing so, GHL also agreed to pay fringe benefit contributions to the Carpenters Trusts. Dkt. # 11, Exs. 1-5; Dkt. # 11, Ex. 6 at 75-76.

Plaintiffs allege in their complaint that GHL failed to routinely report or pay fringe benefit contributions to the Carpenters Trusts for the period October 2018 through March 2019, as required under the trust fund agreements. Dkt. # 1 at ¶ 3.17. In the motion for default judgment, Plaintiffs request that the Court order GHL to pay $13,925.00 in fringe benefits, $1,503.35 in liquidated damages, $1,189.12 in accrued, prejudgment interest,

ORDER – 2

1
2
3
4
5
6
7

and $3,039.32 "on the balance of the audit report," totaling $19,656.79. Dkt. # 10 at 9. However, Plaintiffs' accompanying judgment claim summary report shows a total claim of $20,059.68. Dkt. # 11, Ex. 15 at 394; *see also* Dkt. # 10-1 (proposed order requesting damages from GHL in the amount of $20,059.68). The amount of interest requested in the claim summary report also appears to differ from the amount requested in Plaintiffs' motion. *Compare* Dkt. # 11, Ex. 15 (requesting $1,215.71) *and* Dkt. # 10 at 9 (requesting $1,189.12).

8
9
10
11
12
13

The "audit report claim" is equally confusing. In the judgment claim summary report, Plaintiffs appear to request $3,415.62 in connection with the audit claim (Dkt. # 11, Ex. 15 at 394), while in the subsequent audit claim summary report and motion Plaintiffs request $3.039.32. Dkt. # 11, Ex. 15 at 395; Dkt. # 10 at 9. And the amount of interest requested also differs in both charts. *Compare* Dkt. # 11, Ex. 15 at 394 (requesting $251.33) *and* Dkt. # 11, Ex. 15 at 395 (requesting $561.85).

14
15
16
17
18
19
20
21

While there is undoubtedly a reasonable explanation for these discrepancies, the Court declines to devote any more judicial resources to making sense of these ambiguities. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). To the extent Plaintiffs wish to recover damages from GHL, they must clearly and consistently establish their entitlement to a specific amount in the motion for default judgment and <u>directly and clearly support</u> that request with the accompanying exhibits and declarations.

22
23
24
25
26

Plaintiffs also seek to hold Mr. Gaudet liable for breach of fiduciary duty under ERISA and conversion under Washington law. *See* Dkt. # 1 at ¶¶ 4.7-4.15. However, Plaintiffs' motion for default judgment devotes a mere two sentences to these claims and does not reference the relevant statutes, case law, or identify the supporting factual allegations. Dkt. # 10 at 9-10. If Plaintiffs wish to recover on these claims, they will

ORDER – 3

need to do better than that.  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding that a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal citation omitted).

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for default judgment without prejudice to refiling with the corrections discussed herein.  Dkt. # 10.

Dated this 11th day of May, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4