HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,

     Plaintiffs,

 v.

GHL ARCHITECTURAL MILLWORK, LLC, a Washington limited liability company; and TAVIS GAUDET, an individual,

     Defendants.

CASE NO. 2:19-cv-01030-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs' amended motion for default judgment. Dkt. # 15. Having reviewed the record and relevant law, the Court **GRANTS** the motion.

ORDER- 1

## II. BACKGROUND

On July 2, 2019, Plaintiffs Carpenters Health and Security Trust of Western Washington, Carpenters Retirement Trust of Western Washington, Carpenters-Employers Vacation Trust of Western Washington, and Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho (collectively "Plaintiffs" or "Carpenters Trusts") filed this action to collect delinquent fringe benefit contributions, liquidated damages, accrued prejudgment interest, and attorney's fees and costs from Defendant GHL Architectural Millwork, LLC ("GHL") as well as vacation pay and union dues withheld from employee paychecks from Defendant Tavis Gaudet. Dkt. # 1. GHL executed five Project Agreements to which Plaintiffs were beneficiary, binding GHL to the Master Labor Agreement effective June 1, 2018. Dkt. # 11 at 3, 8-21, 92. From October through December 2018 and January through March 2019, GHL failed to timely provide its monthly remittance reports and contributions payments. *Id.* at 4. For April and May 2019, GHL failed to provide remittance reports. Dkt. # 13 at 9. On July 11, 2019, Plaintiffs properly served GHL via personal service on Mr. Gaudet, GHL's owner and registered agent. Dkt. # 5. Plaintiffs simultaneously served Mr. Gaudet as an individual defendant. Dkt. # 6. Neither GHL nor Mr. Gaudet have responded to the complaint. On October 4, 2019, Plaintiffs filed a motion for default against both GHL and Mr. Gaudet. Dkt. # 7. On October 7, 2019, a Clerk's Order of Default was entered. Dkt. # 9.

On December 3, 2019, Plaintiffs filed a motion for default judgment against GHL and Mr. Gaudet. Dkt. # 10. Defendants again failed to respond. On May 11, 2020, the Court denied Plaintiffs' motion for default judgment without prejudice. Dkt. # 14. On July 23, 2020, Plaintiffs filed an amended motion for default judgment. Dkt. # 15.

## III. LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

## IV. DISCUSSION

The Court denied Plaintiffs' original motion for default judgment for two reasons: (1) discrepancies existed between the amounts Plaintiffs requested; and (2) Plaintiffs' argument for Mr. Gaudet's breach of fiduciary duty failed to reference relevant statutes, case law, or identify supporting factual allegations. Dkt. # 14. Plaintiffs addressed both issues in their amended motion for default judgment and supplemental declaration. Dkt. ## 15-16.

### A. Carpenters Trusts Resolved Discrepancies in the Amounts Requested.

First, Plaintiffs have rectified discrepancies in the amounts requested. Dkt. ## 15-16. In their motion for default judgment dated December 3, 2019, Plaintiffs requested a balance totaling $19,656.79. Dkt. # 10 at 9. However, Plaintiffs' accompanying judgment claim summary report showed a total claim of $20,059.68. Dkt. # 11 at 394.

1   Plaintiffs now request $15,234.87 in fringe benefits, $2,190.17 in liquidated damages,
2   and $3,695.98 in accrued prejudgment interest for the period October 1, 2018 through
3   March 31, 2019, totaling $21,121.02.  Dkt. # 15-1 at 2.  Plaintiffs' supplemental
4   declaration and exhibit confirms the amounts due.  Dkt. # 16 at 2, 5.  Thus, Plaintiffs
5   have rectified the discrepancies from their original motion on this point and have
6   substantiated their claim with evidence.
7         Next, the amount of interest requested in Plaintiffs' claim summary report
8   appeared to differ from the amount requested in Plaintiffs' motion.  *Compare* Dkt. # 11,
9   at 396 (requesting $1,215.71) *and* Dkt. # 10 at 9 (requesting $1,189.12).  Plaintiffs now
10  ask for $3,695.98 in accrued prejudgment interest for the period October 1, 2018 through
11  March 31, 2019.  Dkt. # 15-1; Dkt. # 16 at 2.  The judgment claim summary in Plaintiffs'
12  supplemental declaration supports this amount.  Dkt. # 16 at 5.  Therefore, Plaintiffs have
13  rectified ambiguities on this point and provided evidence to support this claim.
14        Next, Plaintiffs needed to clear up discrepancies in their audit report claim.  Dkt.
15  # 14.  In the judgment claim summary report, Plaintiffs appeared to request $3,415.62 in
16  connection with the audit claim (Dkt. # 11 at 394), while in the subsequent audit claim
17  summary report and motion Plaintiffs requested $3,039.32.  Dkt. # 11 at 395; Dkt. # 10 at
18  9.  In their amended motion, Plaintiffs allege "GHL owes $3,443.04 on the balance of the
19  audit report."  Dkt. # 15 at 9.  This amount matches the audit report claim total in
20  Plaintiffs' supplemental declaration.  Dkt. # 16 at 5-6.  Therefore, Plaintiffs have cleared
21  up discrepancies as to their audit report claim and provided evidence as to this claim.
22        Next, the amount of interest Plaintiffs requested differed in their judgment claim
23  summary from their audit claim summary.  *Compare* Dkt. # 11 at 394 (requesting
24  $251.33) *and* Dkt. # 11 at 395 (requesting $561.85).  The interest listed in Plaintiffs'
25  judgment claim summary is $1,446.35.  Dkt. # 16 at 5.  This amount matches the accrued
26  interest listed in Plaintiffs' audit claim summary.  Dkt. # 16 at 5-6.  Therefore, Plaintiffs
27

have rectified discrepancies as to the amount of interest requested and substantiated this request with evidence.

### B. Mr. Gaudet Is Liable for Breach of Fiduciary Duty.

Furthermore, the Court asked Plaintiffs to substantiate their claims against Defendant Gaudet. Dkt. # 14 at 3. Plaintiffs have done just that. Plaintiffs have two claims against Mr. Gaudet: one for vacation contributions, and the other for union dues.

First, Plaintiffs allege Mr. Gaudet is a fiduciary of GHL under ERISA. The Court agrees. "[A] person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). According to the Washington Secretary of State Corporations report, Mr. Gaudet is the sole governor, member, and registered agent of GHL. Dkt. # 13 at 7-8. Plaintiffs also note that Mr. Gaudet signed every check from GHL in the possession of the Carpenters Trusts. Dkt. # 15 at 10. It is therefore reasonable to conclude that Mr. Gaudet had control over the plan's assets.

Because Mr. Gaudet is the registered agent of GHL, he is personally liable for the delinquent vacation contributions. Dkt. # 13 at 7. ERISA imposes personal liability on a fiduciary who breaches his responsibilities to the plan. 29 U.S.C. § 1109(a). For the period between October 2018 and March 2019, GHL reported $496.00 of vacation pay withheld from employee paychecks. Dkt. # 16 ¶ 4. Plaintiffs' judgment claim summary report and contributions claim summary notes the same. Dkt. # 16 at 5, 7.

Second, Plaintiffs allege Mr. Gaudet withheld union dues. Dkt. # 15 at 11. "The tort of conversion is 'the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.'" *Consulting Overseas Mgmt., Ltd. v. Shtikel*, 18 P.3d 1144, 1147 (Wash. Ct. App. 2001). Citing a judgment claim summary and contributions claim summary, Plaintiffs allege that Mr. Gaudet is personally liable for $1,454.82 in union dues "withheld but not remitted for

the months of October 2018 through March 2019." Dkt. # 15 at 12; *see Dodson v. Economy Equipment Co.*, 188 Wash. 340, 343-44, 62 P.2d 708 (1936) (applying personal liability to an agent who performs acts that do no benefit himself personally). The Court agrees and finds Mr. Gaudet liable for $1,950.82 in contributions to account for the $496.00 in vacation pay and $1,454.82 in union dues.

Thus, because Mr. Gaudet is the registered owner of GHL, he incurs joint and several liability as to the vacation pay and union dues withheld from employee paychecks.

### C. GHL Is Liable to Carpenters Trusts for Attorney's Fees and Costs.

In addition, Plaintiffs have presented evidence detailing attorney's fees and costs. Dkt # 13 at 9-14, 16. ERISA provides that a defendant shall pay reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2)(D). By executing the five Project Agreements, GHL agreed to resolve disputes and grievances according to the designated Labor Agreement. Dkt # 11 at 9, 12, 15, 18, 21. "[T]he parties agree that if any Participating Employer is delinquent or defaults in the making of such payments and if the Board of Trustees consults legal counsel with respect thereto, such Participating Employer shall be liable for reasonable attorney fees, court costs, and all other reasonable expenses . . . ." Dkt. # 11 at 195, 263, 328. As noted in Plaintiffs' declaration, Plaintiffs keep record of ancillary charges, such as attorney's fees and costs, "which may be assessed to the delinquent employer's account." Dkt. # 11 ¶ 3. The Court finds that Plaintiffs' evidence supports an attorney fee award of $8,440.00 and costs of $735.00. Dkt # 13 at 14, 16.

### D. The Interest Rate is 12 Percent Per Annum on All Delinquent Contributions.

Finally, Plaintiffs have demonstrated the interest rate is 12 percent per annum. Dkt. # 16 at 8-22. Plaintiffs' allege in their amended motion that each trust agreement "imposes 12% liquidated damages on all delinquent contributions and assess the delinquent employer" with an interest rate of 12 percent per annum after the first thirty


days of delinquency.  Dkt. # 15 at 6-8.  Plaintiffs' declaration defines how interest is calculated.  Dkt. # 11 ¶ 8.  The reports from the period October 2018 to March 2019 confirm the 12 percent interest rate.  Dkt. # 16 at 8-22.

Therefore, the Court finds that Plaintiffs have met their burden to support entry of default judgment against both defendants.

## V.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) Default judgment is **GRANTED** in favor of Carpenters Trusts of Western Washington and against GHL Architectural Millwork, LLC and Tavis Gaudet;

(2) Default judgment against GHL shall be entered in the amount of $21,121.02 to account for $15,234.87 in fringe benefit contributions, $2,190.17 in liquidated damages, and $3,695.98 in accrued prejudgment interest from October 1, 2018 to March 31, 2019;

(3) The Court finds that GHL is liable to Plaintiffs Carpenters Trust for $8,440.00 in attorney fees and $735.00 in costs;

(4) The Court finds Defendant Tavis Gaudet is jointly and severally liable for $1,950.82 of the contributions, which consists of $496.00 in vacation pay and $1,454.82 in union dues withheld from employee paychecks; and,

(5) Plaintiffs' counsel shall provide the Court with an updated accounting of the amount of interest owed within fourteen (14) days of this order so that judgment may be entered.

Dated this 1st day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge